GAUDIN, Judge.
This is an appeal by Z. Ellis Roofing Company, Inc. from a judgment of the 24th Judicial District Court cancelling its lien because it had not been filed timely. Also, the trial judge ordered Ellis to pay attorney fees of $3,500.00.
For the following reasons, we affirm the finding that the lien, filed under the Private Works Act[1] by a roofing subcontractor, was tardy; however, we reverse the award of attorney fees.
This litigation is complex. Made defendants originally were McDonnel Enterprises, Inc., the general contractor, and the property owner, the First Assembly of God church. A number of other parties were brought in as third party defendants; however, none of these parties are now before this Court, the only issue being the validity of Ellis’ lien. The mandamus pleading was filed by A.B. Culbertson & Co., Trust Management, Inc. and J. Michael Marcum. These parties hold a mortgage on the same property Ellis’ lien is recorded against.
Ellis did roofing work on church property. During the summer of 1986, the church, because of a sharp decrease in income, did not have sufficient funds to com- *1192 píete the planned project. Consequently, the scope of McDonnel’s work was reduced.
By March, 1987, the work on the reduced area was complete. Jefferson Parish then made its final inspection and all construction work ceased.
Ellis contends that construction work extended beyond March, 1987 and that the lien, filed on September 22, 1987, was within the applicable 60-day statutory period. The trial judge, however, after listening to and evaluating the testimony of various witnesses, stated:
“I believe the work was substantially completed in March of 1987 ...”
The trial judge found that the church had accepted the construction work and had occupied the improved property. On appeal, Ellis asks us to accept the testimony of its factual witnesses and to substitute our findings for those of the trial judge. We are prohibited from doing this, absent manifest error. See Rosell v. Esco, 549 So.2d 840 (La.1989).
Here, the record supports the trial judge’s findings. He apparently was not convinced that McDonnel acted secretly (1) in obtaining a modification of the general contract or (2) in leaving the jobsite in March, 1987. No doubt the testimony of Michael Prejean, the project manager for McDonnel, and John T. Trammel, the church’s business manager, was compelling.
Attorney fees would be due under LSA-R.S. 9:4833(B) if Ellis’ refusal to cancel its lien was unreasonable. While we cannot disagree with the trial judge’s determination that the lien was untimely, this finding was made only after a full trial and after Ellis had presented considerable although not persuasive evidence in its favor. We can understand, from the record, Ellis’ reluctance to voluntarily erase its lien when asked to do so. A considerable sum of money was due Ellis; further, the precise (or approximate) date the job was substantially completed (or abandoned) was uncertain until the case was tried. Even now, on appeal, there remains some doubt although any ambiguity cannot now avail Ellis in the wake of the trial judge’s adverse factual findings.
Each party is to bear its costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART.

. LSA-R.S. 9:4801, etc., particularly Sec. 4822.