| p.McCLENDON, J.
By this appeal, a contractor contests the trial court’s denial of a writ of mandamus to cancel a lien filed pursuant to the Private Works Act, LSA-R.S. 9:4801 et seq. For the following reasons, we reverse.
On February 25, 2000, Norman H. Voelkel Construction, Inc. entered into a construction contract with Albertson’s, Inc. Under the terms of the contract, Voelkel agreed to act as the general contractor for the construction of Albertson’s Store No. 2747 located at the corner of Airline Highway and Highland Road in Baton Rouge, Louisiana. Voelkel subcontracted a portion of the work to Cloy Construction, Inc. Cloy, then, contracted with Heck Industries, Inc. to supply concrete for a part of the project.
On April 27, 2000, Albertson’s filed a notice of contract with the Recorder of Mortgages for East Baton Rouge Parish. It is undisputed that substantial completion of the project occurred on January 10, 2001, when Albertson’s fully occupied the location and opened its doors for business to the general public. It is also undisputed that no termination of the work was filed in the mortgage records.
On July 18, 2001, Heck filed in the mortgage records a statement of claim or privilege against Voelkel, alleging that Heck carried an unpaid balance in the sum of $45,886.07 for concrete and/or labor furnished to Cloy for use in the construction of improvements on the Albertson’s store. On September 24, 2001, after Heck refused to deliver written authorization to cancel the lien, Voelkel petitioned for writ of mandamus, seeking cancellation of subcontractor’s lien.
After hearing the matter, the trial court rendered judgment, denying Voelkel’s request for a writ of mandamus. Voelkel appeals, contending that the notice of contract and the statement of claim or privilege were | improperly filed as neither contains a full and complete legal property description. Voelkel also asserts that Heck’s statement of claim or privilege is untimely.
The Louisiana Private Works Act, LSA-R.S. 9:4801 et seq, grants contractors, laborers, sellers and others a privilege on an immovable to secure the price of their work. LSA-R.S. 9:4801(1). The pertinent statutory provisions concerning perfection of this privilege provide as follows:
LSA-R.S. 9:4822 provides, in pertinent part:
A. If a notice of contract is properly and timely filed in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
[[Image here]]
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of them respective claims and privileges within sixty days after:
*11 (2) The substantial completion or abandonment of the work, if a notice of termination is not filed.
LSA-R.S. 9:4811 provides, in pertinent part:
A. Written notice of a contract between a general contractor and an owner shall be filed as provided in R.S. 9:4831 before the contractor begins work, as defined by R.S. 9:4820, on the immovable. The notice:
(1) Shall be signed by the owner and contractor.
(2) Shall contain the legal property description of the immovableupon which the work is to be performed and the name of the project.
(3) Shall identify the parties and give their mailing addresses.
J*..
B. A notice of contract is not improperly filed because of an error in or omission from the notice in the absence of a showing of actual prejudice by a claimant or other person acquiring rights in the immovable. An error or omission of the identity of the parties or their mailing addresses or the improper identification of the immovable shall be prima facie proof of actual prejudice.
LSA-R.S. 9:4831 of the Private Works Act further explains the requirements of a property description as follows:
A. The filing of a notice of contract, notice of termination, statement of a claim or privilege, or notice of lis pen-dens required or permitted to be filed under the provisions of this Part is accomplished when it is filed for registry with the recorder of mortgages of the parish in which the work is to be performed ...
[[Image here]]
C.Each filing made with the recorder of mortgages pursuant to this Part which contains a reference to immovable property shall contain a description of the property sufficient to clearly and permanently identify the property. A description which includes the lot and/or square and/or subdivision or township and range shall meet the requirements of this Subsection. Naming the street or mailing address without more shall not be sufficient to meet the requirements of this Subsection.
Under this legislation, both notices of contract and statements of claim or privilege must contain legal descriptions that “clearly and permanently” identify the immovable property at issue. See Boes Iron Works, Inc. v. Spartan Bldg. Corp., 94-0519, p. 2 (La.App. 4 Cir. 12/15/94), 648 So.2d 24, 26, writ denied, 95-0103 (La.3/10/95), 650 So.2d 1184.
Albertson’s notice of contract contained the following property description: “Description of Property: Airline & Highland, particularly described on Exhibit A attached hereto and incorporated herein.” Attached to the documents as “Exhibit A” was a copy of the AIA, Standard Form | ^Contract in which the property was described as located at “SWC Airline Road & Highland Hwy, Baton Rouge, LA.” The documents also incorporated by reference the sitework drawings that described the property at issue, but were not filed in the public record. Heck filed its statement of claim or privilege, describing the property solely as “Albertson’s #2747, Airline at Highland, East Baton Rouge Parish, Louisiana.”
Under LSA-R.S. 9:4831C, a municipal address is insufficient to perfect a privilege. Heck avers that describing the property as located at the intersection of Highland Road and Airline Highway, along *12 with the store number is sufficient to perfect a privilege. We disagree. Liens and privileges are to be strictly construed against claimants and liberally construed in favor of owners as they are in derogation of the common rights of owners. Louisiana Nat’l Bank of Baton Rouge v. Triple R Contractors, Inc., 345 So.2d 7, 10 (La.1977); Circle H Bldg. Supply, Inc. v. Dickey, 558 So.2d 680, 682 (La.App. 1 Cir.1990). Therefore, Heck must comply with all necessary requirements of the statute it claims establishes a lien or privilege. Herein, Heck advocates the acceptance of a description of lesser quality than a municipal address, a property description expressly deemed insufficient by the statute. We also reject Heck’s contention that any deficiency in the property description is cured by the incorporation by reference of the sitework drawings into the notice of contract. The notice of contract and the statement of claim or privilege contain no lot, square, range or other information on which one can identify the specific property involved, without resorting to knowledge outside the public records. Therefore, we find the descriptions in both the notice of contract and the statement of claim or privilege are insufficient to perfect a claim of | ^privilege.[3] Heck cannot avail itself of the thirty-day time limitations for claims of privileges provided by LSA-R.S. 9:4811A.
Furthermore, Heck failed to timely file its claim of privilege. LSA-R.S. 9:4822C(2) provides:
C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:
(2) The substantial completion or abandonment of the work, if notice of termination is not filed.
Therefore, in the absence of a legal description and proper notice, Heck had only sixty days from the date of substantial completion of the construction project to file its claim. Substantial completion occurred on January 10, 2001, and Heck filed its lien on July 18, 2001, clearly exceeding the time limits for filing a lien. Therefore, Heck’s claim or privilege, even if sufficient as far as a legal description, was not perfected because it was not timely filed.
On appeal, Voelkel also seeks attorney’s fees under LSA-R.S. 9:4833B, which provides that a defendant contractor “who, without probable cause, fails to deliver written authorization to cancel a statement of claim or privilege ... shall be liable for damages suffered by the owner or person requesting the authorization as a consequence of the failure and for reasonable attorney’s fees incurred in causing the statement to be cancelled.” Considering the complex issues presented in this case, we conclude that Heck had probable cause to refuse to voluntarily erase its lien. Therefore, an award of attorney’s fees is not warranted in this case.
|7For the foregoing reasons, the judgment of the trial court is reversed. Judgment in rendered in favor of Norman H. Voelkel Construction, Inc., ordering the Clerk of Court of East Baton Rouge Parish as Recorder of Mortgages to erase and cancel the private works lien recorded by Heck Industries, Inc. at Original 67, Bundle 11250. Costs are assessed against Heck Industries, Inc.
*13 JUDGMENT REVERSED AND ORDER ISSUED TO CLERK OF COURT.
FOIL, J., dissents. I would affirm the trial court.

. Herein, the improper property descriptions constituted “prima facie proof of actual prejudice” under LSA-R.S. 9:481 IB. Heck failed to rebut this presumption.