954 So.2d 269 (2007)
FIRST THRIFT AND LOAN, L.L.C., Plaintiff-Appellee,
v.
Leonard James GRIFFIN, Jr. and Dawn Savitra Rabon Griffin, Defendant-Appellant.
No. 41,666-CA.
Court of Appeal of Louisiana, Second Circuit.
March 14, 2007.
*270 Thomas W. Rogers, Ruston, for Appellant.
Philip T. Deal, for Appellee.
Before WILLIAMS, GASKINS and SEXTON (Pro Tempore), JJ.
WILLIAMS, Judge.
The defendants, Leonard Griffin, Jr. and his wife, Dawn Griffin, appeal a judgment in favor of the plaintiff, First Thrift and Loan, L.L.C., in the amount of $30,856. The trial court found that plaintiff, which paid laborers in exchange for acts of assignment, was entitled to assert a claim for the price of work performed in the construction of defendants' home. For the following reasons, we reverse and render.

FACTS
On March 1, 1996, Leonard and Dawn Griffin signed a contract with John Bass, d/b/a John L. Bass Construction Company, for the construction of their home in Calhoun, Louisiana. The total price of $131,800 was to be paid in installments, or draws, as the work progressed. The parties did not file notice of the contract in the property records of Ouachita Parish. Bass entered into an informal arrangement with First Thrift and Loan, L.L.C. ("First Thrift"), which advanced money to Bass for construction of the premises. Bass then reimbursed First Thrift upon receipt of the draws from the Griffins.
After paying several draws requested by Bass, the Griffins became dissatisfied with his alleged failure to follow the house plans, his failure to properly supervise the work and failure to pay the laborers. On July 16, 1996, the Griffins paid a draw of $15,750, which was the last payment to Bass. From July 24, 1996 through November 1996, First Thrift paid the laborers directly and obtained assignments from them of any rights they possessed against Bass and the Griffins. In December 1996, Leonard Griffin spoke with Bass, expressed concern about his performance and said that he would make payments to the workers. Bass stopped working at the construction site.
In February 1997, First Thrift filed a "labor lien affidavit" with the Ouachita Parish clerk's office. Subsequently, the plaintiff, First Thrift, filed a petition to enforce the lien against the defendants, Leonard and Dawn Griffin, seeking payment of $30,856. The defendants filed an exception of no cause or no right of action, which was denied. After a trial, the district court issued a written ruling, finding that the statement of claim filed by First *271 Thrift satisfied the statutory requirements and that it was entitled to recover based on the laborers' assignments of rights. The court rendered judgment ordering defendants to pay $30,856 to First Thrift. Defendants appeal the judgment.

DISCUSSION
The defendants contend the trial court erred in allowing First Thrift to assert the claims of laborers based on alleged acts of assignment. Defendants argue that since none of the laborers actually filed a lien against defendants, they did not have any claims to assign to First Thrift.
When an owner contracts for the improvement of an immovable with a contractor, the Louisiana Private Works Act, LSA-R.S. 9:4801 et seq., grants laborers or employees of the contractor or subcontractor a claim against the owner and the contractor to secure payment of the price of work performed at the site of the immovable. LSA-R.S. 9:4802. The claims against the owner shall be secured by a privilege on the immovable upon which the work is performed. LSA-R.S. 9:4802(B). Those persons granted a claim and privilege by Section 4802 for work arising out of a general contract, notice of which has not been filed, shall file a statement of their claims and privileges within 60 days after substantial completion or abandonment of the work. LSA-R.S. 9:4822.
The Private Works Act creates a right against an owner in favor of a laborer, even though the laborer does not have a contractual relationship with the owner, by virtue of the worker filing a lien. However, until the laborer files this claim, he never achieves the status of creditor. Pringle-Associated Mortgage Corp. v. Eanes, 254 La. 705, 226 So.2d 502 (1969). The legislative intent and fundamental aim of the Private Works Act is to protect laborers and subcontractors who engage in construction and repair projects. Hibernia National Bank v. Belleville Historic Development, L.L.C., 01-0657 (La.App. 4th Cir.3/27/02), 815 So.2d 301, writ denied, 02-1177 (La.6/14/02), 818 So.2d 785.
In the present case, the parties do not dispute that the laborers who performed the work never filed a statement of lien. The testimony showed that the laborers were paid for their work. Consequently, as stated in Pringle, supra, since the laborers never filed a claim they cannot be considered creditors of the defendants. Thus, the laborers did not have a valid claim under the statute to assign to First Thrift, which cannot have any greater right than the laborers. Accordingly, we shall reverse the judgment.
In its brief, First Thrift contends that Pringle is not applicable because this case involves written assignments of rights and not subrogation. First Thrift's position is not supported by the applicable law.
In an assignment, the assignee is subrogated to the rights of the assignor against the debtor. LSA-C.C. art. 2642. Subrogation is the substitution of one person to the rights of another. LSA-C.C. art. 1825. Thus, contrary to First Thrift's contention, in obtaining assignments from the laborers it sought subrogation by substituting itself to the rights of another. However, since the laborers in this case did not file liens, they never possessed any rights against the defendants that could be assigned. First Thrift's contention lacks merit.
In reaching the conclusion that First Thrift did not obtain a valid lien through the purported acts of assignment of the laborers, we pretermit a discussion of the defendants' remaining assignments of error.

*272 CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and judgment is hereby rendered in favor of the defendants, Leonard Griffin, Jr. and Dawn Griffin, dismissing plaintiff's claims. Costs of this appeal are assessed to the appellee, First Thrift and Loan, L.L.C.
REVERSED AND RENDERED.