MOORE, J.
|! Urban’s Ceramic Tile Inc., d/b/a/ Bob Moss Carpet One (“Urban”), the subcontractor, appeals a writ of mandamus directing it to deliver a request to cancel a claim or privilege under the Private Works Act, and an order for Urban to pay attorney fees to John and Kristi McClain,[1] the owners. For the reasons expressed, we affirm.

Factual and Procedural Background

The McClains bought a 5.7-acre lot on Dogwood Trail in Minden and, in April 2010, hired Mustang Homes to build a house on it. Neither Mustang nor the McClains filed notice of contract in the public records of Webster Parish or posted a bond to secure the payment of subcontractors. Mustang subcontracted the carpet, flooring and ceramic tile work to *479 Urban; the McClains never had any interaction with Urban.
According to testimony at trial, Mustang fell into financial difficulty and later declared bankruptcy; by late November 2010, Mustang was not answering the McClains’ phone calls and faxes. The McClains sent a paper letter to Mustang via express mail, received on December 8, 2010, which complained that the house “has not been constructed in a timely manner,” requested a “10-day completion of our home,” and attached a punch list of 43 items still to be completed. Mustang never responded in any way.
Mustang failed to pay Urban for its materials and labor, a total of $15,411.62. On February 16, 2011, Urban filed a statement of “lien and privilege” in the public records of Webster Parish, and on September 19, 2011, it filed the instant petition for amounts due and to enforce its privilege funder the Private Works Act.
The McClains answered, showing that the claimant must file its statement of claim or privilege within 60 days of substantial completion of the work, under La. R.S. 9:4822C(2); despite their earlier letter to Mustang, they alleged that the house was substantially completed by December 8, 2010. By an accompanying memo, they argued that on that date they changed the locks on the doors; the punch list contained only minor items to be remedied, not affecting substantial completion as defined by La. R.S. 9:4822H(2). They alleged that Urban’s statement of claim and privilege, filed February 16, 2011, was over 60 days after December 8, 2010, the date of substantial completion, not timely and thus invalid. They also moved for writ of mandamus directing Urban to deliver a written request to the clerk of court of Webster Parish to cancel the claim or privilege under La. R.S. 9:4833 B, and a request for attorney fees under La. R.S. 9:4833C.

Trial Testimony and Action of District Court

At trial in April .2012, Mr. McClain testified that the house was “just about finished” by late October 2010. He identified a receipt showing the last major delivery to the house, the major appliances, on November 2. The punch list, he explained, was just for minor touch-ups which he himself performed after December 8, when he took possession of the house by changing the locks. He introduced photos date-marked December 19, showing the kitchen in use by then. On cross-examination, he agreed that his family did not actually move into the house until early 2011,[2] but |amaintained it was ready to occupy by December 8. Questioned by the court, he described the punch list items he actually performed (such as bolting the dishwasher to the frame, installing the garage door and laying the attic insulation) and those he simply left undone (such as placing shutters on the outside windows and installing a shower door in the master bath — he hung a shower curtain instead). He added that he was at the house almost every day he was not out deer hunting.
Urban’s first witness, Nugent, a carpet layer who sub-subcontracted work from Urban, testified that he finished his part of the job in early November. At that time, the house looked “pretty much complete.”
Urban’s other witness, Ms. Floyd, had been a design consultant for Mustang Homes at the time of these events and was a carpet salesman for Urban at the time of trial. She testified that she tried to help *480 the McClains finish the house after “the builder quit.” In fact, she furnished the punch list to the McClains on October 26; she described it as “a long list of small things,” the most serious being the attic insulation.
The district court ruled orally that by December 8, 2010, when the McClains changed the locks on the house and started going there daily, they exercised possession (if not occupation) of the house. The court accepted Nugent’s testimony that the house looked complete by sometime in November, and Ms. Floyd’s testimony that the punch list comprised only small things. The court found that the statement of claim and privilege, filed February 26, 2011, was untimely. The court granted the writ, directing |4the clerk of court to erase Urban’s statement of claim and privilege, and ordered Urban to pay the McClains an attorney fee of $3,000. Urban has appealed.

Applicable Law

The Private Works Act, La. R.S. 9:4801-4855, creates a privilege on an immovable to secure the owner’s obligation arising out of work on the immovable. La. R.S. 9:4801. The privilege is in favor of, inter alia, subcontractors for the price of their work. La. R.S. 9:4802 A(l); First Thrift & Loan LLC v. Griffin, 41,666 (LaApp. 2 Cir. 3/14/07), 954 So.2d 269. When no notice of contract has been filed, the preservation of claims and privileges is regulated by La. R.S. 9:4822C:
C. Those persons granted a claim and privilege by R.S. 4802 for work arising out of a general contract, notice of which is not filed, * * * shall file a statement of their respective claims and privileges within sixty days after:
(1) The filing of a notice of termination of the work; or
(2) The substantial completion or abandonment of the work, if a notice of termination is not filed.
Substantial completion is defined in La. R.S. 9:4822H:
H. A work is substantially completed when:
(1) The last work is performed on, or materials are delivered to the site of the immovable or to that portion or area with respect to which a notice of partial termination is filed; or
(2) The owner accepts the improvement, possesses or occupies the immovable, or that portion or area of the immovable with respect to which a notice of partial termination is filed, although minor or inconsequential matters remain to be finished or minor defects or errors in the work are to be remedied.
|fiAny statement of claim and privilege filed over 60 days after substantial completion is invalid. E. Smith Plumbing Inc. v. Manuel, 11-1277 (La. App. 3 Cir. 3/28/12), 88 So.3d 1209; Norman H. Voelkel Const. Inc. v. Recorder of Mortgages, 2002-1153 (LaApp. 1 Cir. 6/27/03), 859 So.2d 9, writs denied, 2003-1962, 2003-2133 (La.10/31/03), 857 So.2d 486, 488; C & S Safety Systems Inc. v. SSEM Corp., 2002-1780 (LaApp. 4 Cir. 3/19/03), 843 So.2d 447. The determination of when substantial completion occurred is a question of fact and subject to the manifest error standard of review on appeal. All Seasons Const. Inc. v. Mansfield Housing Auth., 40,490 (LaApp. 2 Cir. 1/25/06), 920 So.2d 413, and citations therein.
As it applies to this case, the cancellation of a statement of claim or privilege is governed by La. R.S. 9:4833, which provides in part:
A. If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a *481 statement of claim or privilege is extinguished, an owner or other interested person may require the person who has filed a statement of claim or privilege to give a written request for cancellation in the manner provided by law directing the recorder of mortgages to cancel the statement of claim or privilege from his records. The request shall be delivered within ten days after a written request for it is received by the person filing the statement of claim or privilege.
B. One who, without reasonable cause, fails to deliver a written request for cancellation in proper form to cancel the claim or privilege as required by Subsection A. of this Section shall be liable for damages suffered by the owner or person requesting the authorization as a consequence of the failure and for reasonable attorney fees incurred in causing the statement to be cancelled.
C. A person who has properly requested a written request for cancellation shall have an action pursuant to R.S. 44:114 against the person required to deliver the written request to | F,obtain a judgment declaring the claim or the privilege extinguished and directing the recorder of mortgages to cancel the statement of claim or privilege if the person required to give the written request fails or refuses to do so within the time required by Subsection A of this Section. The plaintiff may also seek recovery of the damages, and attorney fees to which he may be entitled under this Section.
The owner is not required to prove that the subcontractor’s refusal to request cancellation was arbitrary and capricious, only that it was without reasonable cause. LaMoyne-Clegg Dev. Corp. v. Bonfanti-Fackrell Ltd., 509 So.2d 43 (La. App. 1 Cir.1987). Attorney fees are never automatically assessed against the losing party, but when they are authorized by statute or contract, the award of attorney fees rests within the discretion of the fact finder. Sher v. Lafayette Ins. Co., 2007-2441 (La.4/8/08), 988 So.2d 186; Hendrick v. Patterson, 47,668 (La.App. 2 Cir. 1/16/13), 109 So.3d 475.

Discussion: Substantial Completion

By its first four assignments of error, Urban contests the district court’s finding that the house was complete prior to December 18 or that the McClains took possession of it on December 8,-2010. It concedes that under R.S. 9:4822C(2), it had to file its statement of claim or privilege within 60 days after substantial completion; because the statement was not filed until February 16, 2011, Urban had to prove that the work was substantially complete after December 18, 2010. Urban argues the court’s finding was plainly wrong in light of (1) the McClains’ letter to Mustang on December 7, asserting that the house was not complete; (2) the long punch list that still remained; and (3) the fact that the items on the punch list were major, including “complete insulation of the home, painting inside and out, | lighting to be installed and repaired, trim and molding to be installed in numerous places, and AC/heating to be commissioned.” Urban argues these were not minor items, and cites in support E. Smith Plumbing, Inc. v. Manuel, supra [3] Finally, Urban argues that changing the locks on December 8 did not prove possession, but only an intent to keep Mustang out; *482 the McClains merely intended to hire other contractors to finish the house. Urban concludes the finding should be reversed and the case remanded.
The McClains respond that the manifest error rule governs all factual findings and that the court’s finding is not plainly wrong. They urge that the punch list items really were minor. For example, the attic insulation was easily installed, and lack of it did not affect the intended use of the house; and the house had already been painted but still needed “touch-up and trim.” They suggest that Urban is distorting R.S. 9:4822’s concept of substantial completion into final completion.
The court based its finding of substantial completion largely on the lay testimony of Urban’s own witnesses. Nugent testified that by early November, there were still Mustang employees on the site but the work looked “pretty much complete.” Ms. Floyd, who testified that she actually drafted the punch list for the McClains, said it was a “long list of small things,” the only significant job being to install the attic insulation. Despite his letter to Mustang demanding the completion of 43 items, Mr. McClain testified that he considered the house substantially complete by late [^November; he introduced a photo of the kitchen taken on December 19, showing a mayonnaise jar on the counter.
This court has previously held that substantial completion may be found even though deficiencies exist. All Seasons Const. Inc. v. Mansfield Housing Auth, supra. The court may examine the extent of the defect or nonperformance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit of the work to be performed. Id. Although some of the items, such as laying the attic insulation, attaching the washer and dryer, and installing the garage doors, strike us as larger projects than changing certain drawer pulls, they do not defeat the intended use of the house. Notably, Urban introduced no evidence to contradict Mr. McClain’s testimony that even the larger items were relatively easy to complete. On this record, the district court did not abuse its discretion in finding substantial completion, under R.S. 9:4822H, by December 8, 2010. These assignments of error lack merit.

Attorney Fees

By its final two assignments of error, Urban urges the district court erred in awarding attorney fees to the McClains when it had reasonable cause to refuse to remove the lien. Urban concedes that it failed to deliver the request for cancellation as provided by R.S. 9:4833B, but argues that it had reasonable cause as (1) the McClains’ letter requesting cancellation contained no documentation in support, (2) the McClains never filed a statement of substantial completion, and (3) Mr. McClain testified that substantial work continued on the property until the family moved in, in |92011. Urban submits that on these facts, a reasonable man would not have cancelled a lien of over $15,000. Norman H. Voellcel Const, Inc. v. Recorder of Mortgages, supra. Urban concludes that the award of the attorney fee should be reversed and vacated.
By reply brief, the McClains concede that they did not attach documentation to their request for cancellation, but argue that they in fact provided it to Urban’s counsel. Nevertheless, they argue, this is irrelevant because if the statement of claim and privilege is invalid, R.S. 9:4833C is mandatory. They add Urban failed to take basic ' steps to find out about the status of the project or to protect its rights under R.S. 9:4822K, thus negating any *483 claim of reasonable cause.[4] In brief, they urge this court to affirm the award.
Admittedly, this record contains some evidence to show that Urban’s conduct was not unreasonable. The McClains’ letter to Mustang catalogued 43 unfinished items, which suggests lack of substantial completion; and their letter to Urban requesting cancellation lacked supporting documentation. In Z. Ellis Roofing Co. v. McDonnel Enters. Inc., 562 So.2d 1191 (La.App. 5 Cir.), writ denied, 567 So.2d 616 (1990), the court reversed an award of attorney fees on somewhat apposite facts:
While we cannot disagree with the trial judge’s determination that the lien was untimely, this finding was made only after a full trial and after Ellis had presented considerable although not persuasive evidence in its favor. We can understand, from the record, Ellis’ reluctance to voluntarily erase its lien when asked to do so. A considerable sum of |10money was due Ellis; further, a precise (or approximate) date the job was substantially completed (or abandoned) was uncertain until the case was tried. Even now, on appeal, there remains some doubt although any ambiguity cannot now avail Ellis in the wake of the trial judge’s adverse factual findings.
Unlike the subcontractor in Z. Ellis Roofing, however, Urban did not bring to trial a considerable amount of evidence; its two witnesses agreed with the McClains that the house was substantially complete by early November 2010, and no witness, expert or lay, testified that the punch list items were difficult to correct or impaired the intended use of the house. On this record, we must defer to the district court’s vast discretion and affirm the finding that Urban’s failure to deliver a written request for cancellation when requested was without reasonable cause. This assignment of error lacks merit.

Conclusion

For the reasons expressed, the judgment is affirmed. Urban’s Ceramic Tile Inc., d/b/a Bob Moss Carpet One, is to pay all costs.
AFFIRMED.

. The owners’ name is misspelled as "McLain” in the petition.

. Mr. McClain initially testified that he moved in "probably sometime in early February,” but a moment later agreed with counsel’s statement that "the house wasn't fully completed until April when you moved in.”

. In E. Smith Plumbing, the Third Circuit found the house was substantially complete as of July 25, 2009, despite the need for further work: "additional work was performed on the house after that date, but we find that these items were merely 'minor or inconsequential’ items of work such hs installation of a light fixture.”

. This subsection authorizes any person to whom a privilege is granted under R.S. 9:4802 to "give notice to the owner of an obligation to that person arising out of the performance of work under the contract.” Such notice must be given to the owner before substantial completion and by certified or registered mail.