Sherri L. Hutton, Law Office of Sherri L. Hutton, 700 Camp Street, New Orleans, Louisiana 70130, and Ali Dehghannezhad, Law Office of Ali Deghan, LLC, 700 Camp Street, New Orleans, Louisiana 70130, COUNSEL FOR DEFENDANT/RELATOR
Stephen D. Marx, Cherhardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, LLP, One Galleria Boulevard, Suite 1100, Metairie, Louisiana 70001, COUNSEL FOR PLAINTIFF/RESPONDENT
(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Roland L. Belsome )
Judge Terri F. Love *494 The instant dispute arises from the default of an alleged mortgage. Ocwen Loan Servicing, LLC ("Ocwen") sought declaratory relief recognizing the validity of a mortgage against Sandie Parkman ("Ms. Parkman") and the unopened succession of her mother Marjorie Porter ("Ms. Porter"). Ms. Parkman seeks supervisory review of the trial court's judgment denying her exception of no cause of action. We find the mortgage is invalid on its face. Even if the mortgage was valid, it is not enforceable against Ms. Parkman because Ocwen cannot prove that Ms. Parkman agreed to allow her mother to encumber the entire property with the mortgage. Thus, we find the trial court erred in denying the exception of no cause of action. Accordingly, the writ is granted; the trial court's judgment is reversed, and the matter is remanded pursuant to La. C.C.P. art. 934 to allow Ocwen an opportunity to amend its petition, if it can, in order to set forth a cause of action.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
In 1976, Ms. Porter acquired full ownership of the property in question through a community property settlement between herself and her ex-husband. In 2001, Ms. Porter executed an act of donation, which was proper in all respects, donating one-half interest in the property to her daughter Ms. Parkman. On September 22, 2003, Ms. Porter allegedly executed a mortgage on the property that she and her daughter owned jointly. Six days after the mortgage was signed, Ms. Parkman attempted to donate her one-half interest in the property to her mother. However, Ms. Porter never accepted the donation. Ms. Porter died in December 2013.
In July 2017, Ocwen filed a petition for declaratory judgment recognizing the validity of the mortgage executed by Ms. Porter. Ocwen named as defendants Ms. Parkman and the unopened succession of her mother Ms. Porter. Ms. Parkman filed an exception of no cause of action, claiming her mother did not have one hundred percent interest in the property when the mortgage was executed and did not have authority to encumber the property with the mortgage. Ms. Parkman also asserted that the mortgage was invalid because it lacked a legal description of the property and that her attempted donation to her mother in 2003 was invalid because Ms. Porter never accepted the donation.
A hearing was held on the exception, and the trial court rendered judgment denying the exception of no cause of action. Ms. Parkman timely filed the present application for supervisory review.
STANDARD OF REVIEW
In Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc., 396 So.2d 878 (La.1981), the Supreme Court established factors which should be considered in determining whether to grant supervisory review of interlocutory judgments:
When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. See Mangin v. Auter , 360 So.2d 577 (La. App. 4th Cir. 1978).
Herlitz, 396 So.2d 878.
The primary consideration under Herlitz is whether review and decision would result in a final disposition of all issues in a case.
*495 Dupuy Storage & Forwarding, LLC v. Max Speciality Ins. Co. , 2016-0050, pp. 9-10 (La. App. 4 Cir. 10/5/16), 203 So.3d 337, 344. Since judicial efficiency and fundamental fairness to the litigants dictates a decision on the merits, we grant the writ application and review the trial court's ruling.
Ms. Parkman contends that the trial court erred when it denied her exception of no cause of action because Ocwen has not set forth sufficient allegations to sustain a declaratory judgment that the mortgage is valid. An exception of no cause of action raises a question of law, and on appeal, the trial court's ruling is reviewed de novo . Boyd v. Cebalo , 15-1085, p. 2 (La. App. 4 Cir. 3/16/16), 191 So.3d 59, 61 (citing Winstead v. Kenyon , 15-0470, p. 6 (La. App. 4 Cir. 12/2/15), 182 So.3d 1087, 1091 ). Our de novo review "is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action." Id. "[A]ll well-pleaded facts in the petition are accepted as true for purposes of determining the issues raised by an exception of no cause of action. The mover bears the burden of proving that the petition states no cause of action; and de novo review does not take into consideration whether the party will be able to prevail on the merits." Id.
DISCUSSION
The petition alleges a valid mortgage was granted for the property belonging to Ms. Parkman and the unopened succession of Ms. Porter. However, a copy of the mortgage attached to the petition lacks a legal description of the property. The petition and the mortgage only reference the property by its municipal address. La. C.C. art. 3288 states that "[a] contract of mortgage must state precisely the nature and situation of each of the immovables or other property over which it is granted; state the amount of the obligation, or the maximum amount of the obligations that may be outstanding at any time and from time to time that the mortgage secures; and be signed by the mortgagor."
Ms. Parkman asserts that the lack of a legal description of the property over which the mortgage was granted in the contract of mortgage renders the mortgage invalid. Ocwen acknowledges that the mortgage lacks a legal description. It relies upon Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc. , 13-1582, 13-1588, 13-1703 (La. 5/7/14), 144 So.3d 1011, as support for its argument that the municipal address is sufficient for the validity of the mortgage.
As Ms. Parkman notes, Quality involved notice to third parties in a conveyance transaction, which is different from the issue in this case. The discussion in Quality examined the sufficiency of a property description in a conveyance deed for the purpose of notifying third parties through public record. The issue here involves the sufficiency of a property description for rendering a valid conventional mortgage. La. C.C. art. 3288 requires that the mortgage "state precisely the nature and situation of each of the immovables or other property over which it is granted." Additionally, La. R.S. 9:4831, provides for the recordation of contracts, liens and privileges under the Private Works Act, and states in pertinent part:
Each filing made with the recorder of mortgages pursuant to this Part which contains a reference to immovable property shall contain a description of the property sufficient to clearly and permanently identify the property. A description which includes the lot and/or square and/or subdivision or township and range shall meet the requirement of this Subsection. Naming the street or mailing address without more shall not be *496 sufficient to meet the requirements of this Subsection.
La. R.S. 9:4831(C) (emphasis added). This Court has recognized that "[b]ecause of their very nature and function, security devices should be strictly construed." Durham v. First Guar. Bank of Hammond , 331 So.2d 563, 564 (La. App. 1st Cir. 1976) (citing Thrift Funds Canal, Inc. v. Foy , 242 So.2d 253 (La. App. 4th Cir. 1970) ).
We find Norman H. Voelkel Const. Inc. v. Recorder of Mortgages for E. Baton Rouge Par. , 02-1153 (La. App. 1 Cir. 6/27/03), 859 So.2d 9, is more analogous to the present case than Quality . In Norman , a contractor sought review of the trial court's denial of a mandamus to cancel a lien filed pursuant to the Private Works Act. The First Circuit reversed, finding that the party filing the lien did not comply with the statute because the description of the property was insufficient. The Norman court stated,
Under [ La. R.S. 9:4831(C) ], a municipal address is insufficient to perfect a privilege. Heck avers that describing the property as a located at the intersection Highland Road and Airline Highway, along with the store number is sufficient to perfect a privilege. We disagree. Liens and privileges are to be strictly construed against claimants and liberally construed in favor of owners as they are in derogation of the common rights of owners. [...] Therefore, Heck must comply with all necessary requirements of the statute it claims establishes a lien or privilege.
Id. , 02-1153, p. 5, 859 So.2d at 11-12. Like the lien in Norman , Ocwen seeks to establish the validity of the mortgage on the immovable property to recover monies allegedly not paid. As noted by the First Circuit, privileges should be strictly construed against claimants and liberally construed in favor of owners and all necessary requirements need to be complied with to affect such privileges. Additionally, as noted in the Civil Code articles on conventional obligations, any ambiguity or vagueness in a contract should be construed against the party who drafted the contract. La. C.C. art. 2056 ; Centanni v. A.K. Roy, Inc. , 258 So.2d 219 (La. App. 4th Cir. 1972).
Accordingly, Ocwen's failure to include a legal description of the immovable property in the mortgage prevents Ocwen from stating a cause of action for a judgment declaring the mortgage to be valid. The mortgage cannot be valid without a legal description of the property. Ocwen's attempt to remedy this defect by filing an Act of Deposit in 2018, attaching a legal description to the mortgage, in the mortgage and conveyances records is insufficient and untimely. The Act of Deposit was not attached to the petition. Thus, this Court cannot consider the document in determining the merits of the exception of no cause of action. La. C.C.P. art. 931.
Ms. Parkman also argues that the petition fails to assert a cause of action because the petition and attached documents do not show that her mother acquired ownership of the entire property at the time the mortgage was executed. In opposition, Ocwen contends that the doctrine of after acquired title applies to the present matter and cures any alleged defect in title. These arguments call into question the validity of Ms. Parkman's attempted donation of her one-half interest in the property to Ms. Porter. Therefore, we address the validity of the 2003 donation inter vivos .
A donation inter vivos is a "contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it." La. C.C. art. 1468. Pursuant to *497 La. C.C. art. 1541, "[a] donation inter vivos shall be made by authentic act under the penalty of absolute nullity." In order for a donation inter vivos of immovable property to be valid, the parties must comply strictly with codal articles, and the act must be passed before a notary public and two witnesses. Sarpy v. Sarpy , 354 So.2d 572, 574 (La. App. 4th Cir. 1977).
Additionally, acceptance of the object offered must be made by the donee during the donor's lifetime and by authentic act (the form required for donations), either in the act of donation or subsequently in writing. La. C.C art. 1544. The Civil Code provides two exceptions to the rule that inter vivos gifts be made by authentic act, the application of which depends on whether the object of the donation is a corporeal or incorporeal movable. La. C.C. art. 1550 sets forth the exception that applies to incorporeal movables like the property at issue here.
Ms. Parkman donated her one-half interest in the property to Ms. Porter on September 28, 2003. However, Ms. Porter never executed an acceptance of the donation. Ocwen contends Ms. Porter's execution of the mortgage in which she stated she owned one hundred percent interest in the property on September 22, 2003, constituted a tacit acceptance of the donation. This argument fails because Ms. Parkman had not yet donated her interest in the property at the time Ms. Porter signed the mortgage documents.
The cases Ocwen relies upon are distinguishable. In First Fed. Sav & Loan Ass'n of Warner Robins, Ga. v. Delta Towers, Ltd. , 544 So.2d 1331 (La. App. 4th Cir. 1989) and Tri-State Bank & Tr. V. Moore , 609 So.2d 1091 (La. App. 2 Cir. 1992), the parties ratified the earlier mortgages in subsequent documents. In the case at bar, Ms. Porter attempted to execute a mortgage prior to the act of donation. At the time the mortgage was signed, Ms. Parkman had not yet donated her interest in the property to her mother. Thus, Ms. Porter could not accept a donation that she had not yet been given.
Ocwen also suggests that Ms. Porter tacitly accepted the donation by paying on the mortgage note, and as a result, obtained full one hundred percent interest in the property after the mortgage was executed. However, acceptance of a donation of immovable property must comply with the requirements of an authentic act. Ms. Porter did not obtain full one hundred percent ownership of the property, and the doctrine of after acquired title does not apply to cure the defects in title.
Finally, Ocwen contends that at the very least there is a valid mortgage over one-half of the property. According to La. C.C. art. 805, "[a] co-owner may freely lease, alienate, or encumber his share of the thing held in indivision." See also McSwain v. Bryant , 503 So.2d 605, 607 (La. App. 4th Cir. 1987). However, as noted above, there is no valid mortgage on the property because of the failure to include a legal description of the property.
Ocwen suggests that Ms. Parkman cannot argue that the mortgage is invalid because that defense is personal to Ms. Porter. Ocwen claims that because Ms. Parkman did not sign the mortgage, she does not have standing to argue that the mortgage is invalid. However, Ocwen initiated the present lawsuit against Ms. Parkman, naming her, individually, as a defendant. Ocwen seeks declaratory judgment, recognizing the validity of the mortgage over the entire property and finding Ms. Parkman and the unopened succession of her mother liable to Ocwen. As owner of at least one-half of the property in question, Ms. Parkman has a right to contest the validity of the mortgage.
*498 After careful review of the pleadings, we find the Ocwen failed to state a cause of action. Thus, we find the trial court erred in denying the exception of no cause of action. This Court has previously recognized that when a plaintiff's petition fails to state a cause of action the plaintiff is entitled to an opportunity to remove the grounds for the exception by amending its petition pursuant to La. C.C.P. art. 934. The statute provides: "[w]hen the ground of the objection ... may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934.
In Vieux Carre Property Owners, Residents & Associates, Inc. v. Decatur Hotel Corp. , this Court explained:
It is true that this statutory right to amend the petition in order to remove the plea of no cause of action is not so absolute as to be permitted when an amendment would constitute a vain and useless act. In other words, for an amendment to be allowed there should be some indication that the defective petition can be amended to state a lawful cause of action.
Id. , 99-0731, 746 So.2d 806, 808 (La. App. 4 Cir. 11/10/99) (citations omitted).
Although Ocwen's petition fails to state a cause of action for the recognition of a valid mortgage, we find Ocwen should be given an opportunity amend its petition. Therefore, pursuant to La. C.C.P. art. 934, we reverse the trial court's denial of the exception of no cause of action and remand to allow Ocwen to amend its petition, if it can, in order to set forth a cause of action.
DECREE
We find the mortgage, which is vital to Ocwen's claim, lacks a legal description of the property, rendering the mortgage an absolute nullity. Similarly, the 2003 donation inter vivos from Ms. Parkman to her mother is invalid on its face. Because the attempted donation was made after the mortgage was signed, Ocwen is unable to establish that Ms. Parkman agreed to allow her mother to encumber the entire property with the mortgage. Thus, we find the trial court erred in denying the exception of no cause of action. Pursuant to La. C.C.P. art. 934, however, we remand the matter to allow Ocwen an opportunity to amend its petition. Accordingly, the writ is granted, trial court's judgment is reversed, and the matter is remanded to permit Ocwen to amend its petition, if it can, in order to set forth a cause of action.
WRIT GRANTED; REVERSED AND REMANDED