IN RE: MARIE PLACIDE     *     NO. 2022-C-0438
PRAYING FOR MONITION

          *     COURT OF APPEAL

          *     FOURTH CIRCUIT

          *     STATE OF LOUISIANA

       * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05874, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Pro
Tempore James F. McKay, III)

Scott Joseph Sonnier
601 Poydras Street
Suite 2355
New Orleans, LA 70130

      COUNSEL FOR RELATOR/APPLICANT

**WRIT GRANTED IN PART;
WRIT DENIED IN PART;
AND REMANDED WITH INSTRUCTIONS
JULY 27, 2022**

This is a tax sale dispute. Relator, William Green, Jr., filed a writ application seeking supervisory review of the district court's June 1, 2022 judgment, which granted Respondent's, Marie Placide, exceptions of no right of action and no cause of action in connection with Relator's Petition of Intervention to Assert Opposition to Monition Proceeding and Petition to Annul Tax Sale ("petition to annul tax sale"). For the reasons that follow, we grant the writ in part, deny the writ in part and remand with instructions.

### FACTUAL AND PROCEDURAL BACKGROUND

Ms. Angelina Green ("Decedent") acquired property located at 1521-23 Spain Street (the "property") by a 1998 act of sale. The property was adjudicated to Respondent in a tax sale on April 10, 2018. A tax sale certificate was issued to Respondent on May 9, 2018, and registered in the Orleans Parish mortgage and conveyance records on June 1, 2018. Thereafter, on May 14, 2019, Decedent died intestate and was survived by four children, including Relator. No succession was opened in Decedent's name.

1

On July 12, 2021, Respondent filed a monition proceeding to quiet the tax title to the property.[1] On August 20, 2021, Relator filed a petition to annul tax sale. In response, on April 7, 2022, Respondent filed exceptions of no right of action and no cause of action. First, Respondent argued that Relator was not an owner of the property at the time of the tax sale and, thus, had no right of action to nullify the tax sale. In support, Respondent attached as exhibits to her exceptions the 1998 act of sale and tax sale certificates. Lastly, Respondent contended that Relator failed to assert a ground for nullity pursuant to La. R.S. 47:2286;[2] as such, he failed to state a cause of action upon which relief can be granted.

On June 1, 2022, after a hearing on the exceptions, the district court sustained Respondent's exceptions of no right of action and no cause of action. In regards to the exception of no right of action, the district court found that because Relator was not listed in the act of sale or tax sale of the property, Relator is only permitted to assert claims on behalf of Decedent's unopened succession or Decedent herself – the tax sale party whose interest in the property is adversely affected. As to Respondent's exception of no cause of action, the district court found that, in accordance with La. R.S. 47:2286, there are only three enumerated ways to nullify a tax sale – payment nullity, redemption nullity or nullity under La. R.S. 47:2162.[3] Because Relator's petition to annul tax sale failed to allege any of

---

[1] In the monition proceeding, Respondent identified Angela Green, Deborah Green, William Green, Jr., Dinetta Ophelia Green and Delerna LaBostrie as tax sale parties whose interest Respondent sought to terminate.

[2] La. R.S. 47:2286 provides that "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities. The action shall be brought in the district court of the parish in which the property is located. In addition, the action may be brought as a reconventional demand or an intervention in an action to quiet title under R.S. 47:2266 or as an intervention in a monition proceeding under R.S. 47:2271 through 2280."

2

the enumerated relative nullities, the district court determined that Relator failed to state a valid cause of action. While the district court noted in its reasons for judgment that Relator's petition to annul tax sale "must be amended for the purpose of asserting one of the three enumerated in the statute," the district court failed to grant Relator time to amend. Accordingly, Relator timely sought supervisory review of the district court's judgment.

## DISCUSSION

In his writ application, Relator argues that the district court erred in sustaining Respondent's exception of no right of action and no cause of action.

"The exception of no right of action presents a question of law; thus, . . . appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception." *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017 (internal citation omitted). "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. The parties may introduce evidence to support or controvert the exception of no right of action. *See* La. C.C.P. art. 931. "The exceptor bears the burden of proof, and the no right of action exception assumes

---

[3] La. R.S. 47:2162 provides that "[t]he tax collector or tax assessor for the political subdivision, or any other person acting on behalf of the political subdivision whose duties are to assess or collect ad valorem taxes for the political subdivision, shall not buy, either directly or indirectly, any property or tax sale title sold or offered for sale for ad valorem taxes imposed by that political subdivision. The sale shall be subject to an action for nullity except that the violation of this Section shall not be a cause for annulling the sale if the property or tax sale title has been sold by the violator, his successor, or assigns to a person who purchased the property in good faith by onerous title. In addition to any other penalties provided by law for violation of this Section, the violator shall disgorge any profits he has made, either directly or indirectly, to the tax debtor."

3

that the petition states a valid cause of action." *Hosp. Consultants, LLC v. Angeron*, 2009-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240 (citing *McLean v. Davie Shoring, Inc.*, 2007-0162, pp. 7-8 (La. App. 4 Cir. 1/16/08), 976 So.2d 733, 737).

An exception of no cause of action presents a question of law. *Fertitta v. Regions Bank*, 2020-0300, p. 7 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 451 (citing *Ocwen Loan Servicing, LLC v. Porter*, 2018-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495). Like an exception of no right of action, an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*. *Id.* A peremptory exception of no cause of action tests the legal sufficiency of the petition and questions whether the law affords a remedy against a defendant to anyone under the facts alleged in the petition. *Id.* at p. 6, 311 So.3d at 450-51 (citations omitted).

For tax nullity actions, "[t]he action may be brought only by a tax sale party, whose interest in the property has been adversely affected." La. R.S. 47:2286, Comment (c). A tax sale party, as defined in La. R.S 47:2122(19), means the "tax notice party, the owner of the property, including the owner of record at the time of a tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest . . . including a tax sale purchaser as shown in the mortgage and conveyance records of the appropriate parish."[4]

In the case *sub judice*, Relator alleges, in his petition to annul tax sale, that he is the owner of the property and acquired his interest by an act of sale recorded

---

[4] Pursuant to La. R.S. 47:2274, a tax sale purchaser is permitted to file a notice of *lis pendens* in the mortgage records subsequent to filing an action for monition. The effect of the *lis pendens* is that any transfer, lien, etc. filed in either the mortgage or conveyance records is without effect. In this case, the plaintiff recorded a notice of *lis pendens* on August 17, 2021, prior to the filing of Relator's petition of intervention.

in the conveyance records of Orleans Parish. However, review of the record shows that Relator's name is not listed in the act of sale or the tax sale certificate. Thus, we agree with the district court that, in accordance with La. R.S. 47:2122(19), Relator does not have a right of action to bring this action on behalf of himself. We likewise agree with the district court that relator's petition to annul fails to assert one of the three potential nullities of a tax sale enumerated in La. R.S. 47:2286; as such, Relator failed to assert a valid cause of action. Notwithstanding, the district court erred when it failed to grant Relator the time to file an amended petition to cure the defect in his petition to annul tax sale. *See* La. C.C.P. art. 934.[5]

## CONCLUSION

Based on the foregoing, we grant Relator's writ in part for the sole purpose of remanding the matter to the district court to set a time within which Relator is allowed to amend his petition to annul tax sale. We deny Relator's writ in part as to his remaining claims.

**WRIT GRANTED IN PART;**
**WRIT DENIED IN PART;**
**AND REMANDED WITH INSTRUCTIONS**

---

[5] La. C.C.P. art. 934 provides: "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." In the case *sub judice*, although the district court's judgment reflects that it found Relator's petition to annul tax sale may be amended to allege one of the three enumerated nullities of a tax sale pursuant to La. R.S. 47:2286, the district court did not order a time frame for Relator to amend his petition.