| | | |
|---|---|---|
| IN RE: MARIE PLACIDE, PRAYING FOR MONITION | * | NO. 2023-CA-0476 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-05874, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Rachael D. Johnson)

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

    COUNSEL FOR APPELLEE

Scott Joseph Sonnier
ATTORNEY AT LAW
601 Poydras Street
Suite 1620
New Orleans, LA 70130

    COUNSEL FOR APPELLANT

**REVERSED AND REMANDED**
**JANUARY 24, 2024**

RDJ
RLB
PAB

Appellant, William D. Green, Jr., seeks review of the March 29, 2023 district court judgment, sustaining the peremptory exceptions of no cause of action and no right of action filed by Appellee, Marie Placide, and dismissing Mr. Green's claims with prejudice. Pursuant to our *de novo* review, we reverse the district court's judgment and remand this matter for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

The instant appeal involves the tax sale of 1521-23 Spain St. ("the Property") in New Orleans to Ms. Placide on April 10, 2018, for delinquent 2017 ad valorem taxes. A tax sale certificate was issued to Ms. Placide on May 9, 2018, and recorded in the Orleans Parish conveyance records on June 1, 2018.

Prior to the tax sale, the Property was owned by Angelina Green. Ms. Green passed away after the tax sale on May 14, 2019. She died intestate and was survived by four children, including Mr. Green.

On July 12, 2021, Ms. Placide filed a Petition for Monition to quiet the tax title to the Property naming several persons, including Mr. Green, as defendants.

Mr. Green filed a "Petition of Intervention to Assert Opposition to Monition Proceeding and Petition to Annul Tax Sale" in the monition proceeding.

On April 7, 2022, Ms. Placide responded to Mr. Green's petition by filing exceptions of no right of action and no cause of action. Following a hearing on the exceptions, the district court granted both exceptions on June 1, 2022. The district court reasoned that Ms. Placide's exception of no right of action had merit because Mr. Green was not listed in the act of sale for the Property and thus, he could only assert claims on behalf of Ms. Green or her unopened succession because she was the only appropriate "tax sale party." Moreover, the district court explained that because Mr. Green failed to allege any of the three recognized relative nullities under La. Rev. Stat. 47:2286 he also failed to state a valid cause of action.

Mr. Green sought review of the district court's judgment in *In re Marie Placide Praying for Monition*, 22-0438 (La. App. 4 Cir. 7/27/22), 345 So.3d 1039. This Court upheld the findings of the district court explaining:

> Relator [Mr. Green] does not have a right of action to bring this action on behalf of himself. We likewise agree with the district court that relator's petition to annul fails to assert one of the three potential nullities of a tax sale enumerated in La. R.S. 47:2286; as such, Relator failed to assert a valid cause of action.

*Id.* at p. 5, 345 So.3d at 1042.

However, this Court determined that the district court erred when it did not allow Mr. Green an opportunity to amend his petition to cure any defects pursuant to La. Code Civ. Proc. art. 934 and remanded this matter to the district court.

On remand, Ms. Placide moved to have the district court set a deadline for Mr. Green to amend his petition in accordance with this Court's writ disposition. Mr. Green timely filed his "First Amended and Restated Petition of Intervention to

2

Assert Opposition to Monition Proceeding, Exception of No Right/Cause of Action and Prematurity and Petition to Annul Tax Sale." Ms. Placide re-urged her peremptory exceptions of no cause of action and no right of action and moved to strike Mr. Green's exceptions from the record.

At a March 13, 2023 hearing, the district court granted Ms. Placide's exceptions and her motion to strike. Mr. Green's petition was dismissed with prejudice.

This timely appeal followed. Mr. Green raises four assignments of error: 1) the district court erred in sustaining Ms. Placide's exception of no right of action; 2) the district court erred in sustaining Ms. Placide's exception of no cause of action; 3) the district court erred in dismissing all of Mr. Green's claims with prejudice, including claims for reimbursement and determination of whether the tax sale statutes are unconstitutional; and 4) the district court erred in omitting language in the Judgment which would allow Mr. Green the ability to amend his Petition to state a right of action and cause of action in accordance with La. Code Civ. Proc. art. 934.

## STANDARD OF REVIEW

As this Court previously explained in *Placide*, both exceptions of no right of action and no cause of action involve a review of a plaintiff's petition under a *de novo* standard of review because both exceptions present a question of law:

> "The exception of no right of action presents a question of law; thus, . . . appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception." *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017 (internal citation omitted). "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants

3

the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. The parties may introduce evidence to support or controvert the exception of no right of action. See La. C.C.P. art. 931. "The exceptor bears the burden of proof, and the no right of action exception assumes that the petition states a valid cause of action." *Hosp. Consultants, LLC v. Angeron*, 2009-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240 (citing *McLean v. Davie Shoring, Inc.*, 2007-0162, pp. 7-8 (La. App. 4 Cir. 1/16/08), 976 So.2d 733, 737).

An exception of no cause of action presents a question of law. *Fertitta v. Regions Bank*, 2020-0300, p. 7 (La. App. 4 Cir. 12/9/20), 311 So.3d 445, 451 (citing *Ocwen Loan Servicing, LLC v. Porter*, 2018-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495). Like an exception of no right of action, an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*. *Id*. A peremptory exception of no cause of action tests the legal sufficiency of the petition and questions whether the law affords a remedy against a defendant to anyone under the facts alleged in the petition. *Id*. at p. 6, 311 So.3d at 450-51 (citations omitted).

*Placide*, 22-0438, pp. 3-4, 345 So.3d at 1041-42.

Here, we apply the *de novo* standard of review to Ms. Placide's re-urged exceptions as discussed below.

### EXCEPTIONS OF NO RIGHT OF ACTION AND NO CAUSE OF ACTION

The crux of Mr. Green's appeal is that the district court erred in granting Ms. Placide's exceptions and dismissing his appeal. Mr. Green's appeal hinges on the application of La. Code Civ. Proc. art. 934, which provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

4

Ms. Placide avers that she re-urged her exceptions because Mr. Green did not adhere to *Placide*, rather he amended his petition "to clarify how and/or why he is bringing a nullity claim on behalf of himself." We agree that Mr. Green's petition was not amended to assert a nullity action on behalf of his mother or her unopened succession as ordered by this Court; nevertheless, we find that he pled a valid right of action and cause of action.

In the matter *sub judice*, the parties entered into an October 19, 2022 Consent Judgment, which the district court rendered, granting Mr. Green 15 days to amend his petition "in accordance with the 4th Circuit Court of Appeal decree rendered on July 27, 2022." Mr. Green's amended petition states that he opposes Ms. Placide's monition proceeding as a result of acquiring an undivided one-fourth ownership interest in the Property upon his mother's death as her universal successor. He further pled that as the owner of the Property he was a "tax sale party," as defined by La. Rev. Stat. 47:2122(19),[1] who was due post-tax sale notice under La. Rev. Stat. 47:2156.[2] Lastly, Mr. Green pled that as a tax sale party he

---

[1] Louisiana Revised Statutes 47:2122(19) defines a "tax sale party" as:

> [T]he tax notice party, the owner of property, including the owner of record at the time of a tax sale, as shown in the conveyance records of the appropriate parish, and any other person holding an interest, such as a mortgage, privilege, or other encumbrance on the property, including a tax sale purchaser, as shown in the mortgage and conveyance records of the appropriate parish.

[2] Louisiana Revised Statutes 47:2156, entitled *Post-sale notice*, provides in pertinent part:

> B. (1)(a) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, each collector shall within thirty days of the filing of the tax sale certificate, or as soon as practical thereafter, provide written notice to the following persons that tax sale title to the property has been sold at tax sale. The notice shall be sent by postage prepaid United States mail to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and

"received no notice with regard to the tax sale nor the expiration of the redemption period" and that the tax collector failed to properly notify him of the redemption period pursuant to La. Rev. Stat. 47:2153, *et seq*.

The current iteration of his petition states a right of action because he pled that he was the Property owner and a tax sale party as his deceased mother's universal successor. Additionally, since Mr. Green pled he was a tax sale party who did not receive post-tax sale notice nor notice of the expiration of the redemption period from the tax collector under La. Rev. Stat. 47:2156, he stated a cause of action for a redemption nullity under La. Rev. Stat. 47:2286.[3]

Pursuant to our *de novo* review, we find the district court erred in granting Ms. Placide's exceptions and dismissing Mr. Green's petition. We reverse the district court's judgment and remand this matter for further proceedings. We pretermit discussion of Mr. Green's remaining assignments of error, having determined this matter was erroneously dismissed.

## DECREE

For the foregoing reasons, the March 29, 2023 district court judgment, granting Ms. Placide's exceptions of no right and no cause of action, is reversed and this matter is remanded for further proceedings.

**REVERSED AND REMANDED**

---

whose interest was filed prior to the filing of the tax sale certificate.

(b) For each property for which tax sale title was sold at tax sale to a tax sale purchaser, the tax collector shall within ninety days of the expiration of the redemptive period provide written notice to each tax notice party that tax sale title to the property has been sold at tax sale . . .

[3] "No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." La. Rev. Stat. 47:2286.