79 So.2d 746

Marcial PITRE et al.

v.

Harvey PELTIER, Sr., et al.

No. 41531.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

Normann & Normann, Nicole E. Simoneaux, New Orleans, Peter L. Bernard, Jr., Frank L. Micholet, New Orleans, for plaintiffs-appellants.

Bernard J. Caillouet, Donald L. Peltier, Thibodaux, F. P. Jones, Jr., Houston, Tex., Milling, Saal, Saunders, Benson & Woodward, New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiffs,[1] as heirs or assigns of heirs of Lawrence Cheramie and his wife, claiming that their signatures or marks to certain deeds conveying to Harvey Peltier, Sr., an undivided interest in three non-contiguous tracts of land in the Parish of Lafourche[2] formerly owned by their ancestor in title were procured through the fraudulent misrepresentation of defendant Pel-

---

[1] Marcial Pitre, Felicia Pitre Cheramie, Davis Cheramie, Louise Cheramie Galiano, Roselie Pitre Kiff, Roselie Cheramie Danos, Rita Pitre Adams, Alice Guidry Brunet, Duard Pitre, Julie Pitre Pitre, Evelia Cheramie Vegas, Hicks Cheramie, Mazie Gisclair Eymard, Hugh Creppel, Eddie Cheramie, Eless Guidry, Justilia Terrebonne, Justilian Terrebonne, Alcide Hebert, Lyness Hebert, Harris Guidry, Evena Pitre Eymard, Armantine Pitre Eymard, Lorieta Kiff Bernard, Celeste Gisclair Kiff, Normandy Kiff Hebert, Celeste Cheramie Gisclair.

[2] NE/4 of NW/4, NW/4 of NE/4, S/2 of NE/4, N/2 of SE/4 and SE/4 of SE/4, Section 59, T. 18 S., R. 21 E., contain-

tier's agent, John Pitre, and for that reason are null—Pitre having allegedly represented to certain named plaintiffs that they were signing an agreement employing Peltier, an attorney at law, and authorizing him to set aside a partition of the property, and to other named plaintiffs that they were signing a paper to give authority to Pitre to put trappers on the land—and, in the case of two of the plaintiffs (Mazie Gisclair Eymard and Celeste Cheramie Gisclair) that their signature and mark, respectively, are forgeries; and alleging further that the Sheriff's sale of the same land on December 29, 1934, is a nullity because made pursuant to a judgment of court to effect a partition by licitation to which suit some of the plaintiffs, although owning an interest, were not made parties; seek (1) to be recognized as owners in indivision of the property, (2) to have declared null the sale to Harvey Peltier and one Frederick C. Scully by the Sheriff of Lafourche Parish on December 29, 1934, as well as certain conveyances and alienations subsequently made by Peltier and Scully, (3) for an accounting of the revenues derived from the land and its minerals, and (4) to recover damages against Peltier or, in the alternative, against his agent John Pitre, in the sum of $76,807.50. They are now appealing from a judgment maintaining defendants' pleas of prescription and dismissing their suit.[3]

The plaintiffs claim a 57% interest in the land, which is located in the Bayou L'Ours area of Lafourche Parish and was formerly suitable only for trapping of fur-bearing animals; within recent years successful exploration for oil has taken place nearby. At one time it formed part of the community which existed between Lawrence Cheramie and his wife, Celeste Terrebonne, both deceased; the Cheramies were the parents of a large number of children, who in turn left numerous heirs. In 1928 a suit for partition by licitation was instituted by Frederick C. Scully[4] as

ing 280 acres; E/2 of NW/4, NE/4, N/2 of SW/4, W/2 of SE/4, SE/4 of SW/4, and part of SW/4 of SW/4, as far only as the canal leading to Little Lake, of Section 30, T. 18 S., R. 22 E: NE/4 of NW/4, S/2 of NW/4 of Section 29, T. 18 S., R. 22 E., altogether containing between 560 and 600 acres; SW/4 of SE/4, SE/4 of SW/4, Section 7, T. 19 S., R. 22 E. And all that portion of the NW/4 of the NW/4 of Section 10, T. 19 S., R. 22 E., after deducting therefrom the two tracts of land sold by Laurence Cheramie to Martial Pitre and Francois Gisclair on October 20, 1874, recorded in C. B. 16, p. 36, and C. B. 16, page 37 of the Parish of Lafourche, containing about 94 acres.

3. The defendants are Harvey Peltier, Sr., John Pitre; children of John Pitre (to whom Peltier transferred an interest), Burk Pitre, Mrs. Viola Pitre Pierce, Mrs. Bella Pitre Lerille, Mrs. Florida Pitre Hebert, Mrs. Berdie Pitre Hebert; their mineral lessee, Wilmer I. Pool; his assignees, Berkshire Oil Co. and J. R. Frankel; William and Robin Frederick Scully (heirs of Frederick C. Scully) and assignees of interests from them, Clovelly Corporation and Superior Oil Co.

4. Entitled Frederick C. Scully v. Marie Cheramie, wife of Norgress Lafont, et al., and bearing number 6400 of the Court's Civil Docket, Parish of Lafourche.

the owner of a fractional interest in the lands by purchase from one of the Cheramie heirs, and at the partition sale Scully became the purchaser. Shortly thereafter, upon discovery that some of the Cheramie heirs had not been made parties to the proceeding, the defendant Harvey Peltier was employed by certain of the plaintiffs [5] as well as others claiming an interest as Cheramie heirs, to attack the partition and recover their interests under a contract of employment dated May 2, 1931, whereby they agreed to give him an undivided half of their respective interests in the property if he was successful in attacking the sale; and they did "further agree to transfer said interest to the said party of the second part [Peltier] as soon as the litigation is successfully terminated in their favor." That suit, instituted on October 23, 1931,[6] resulted in judgment (on November 29, 1932) declaring the former partition suit null, void and of no effect, and subsequently Peltier caused to be recorded certain deeds in the form of cash sales, executed between the dates of July 1, 1933, and Aug-ust 24, 1934, conveying to him either a half interest or, in some cases, the whole interest of each plaintiff in the property. On August 30, 1934, Peltier filed the suit for partition which is here impliedly attacked (there being no direct attack thereon);[7] at the judicial sale which followed as a result of the judgment ordering a partition, the property was purchased by Peltier and Frederick C. Scully on December 29, 1934, and was subsequently amicably partitioned in kind between them. The interest of the remaining defendants was acquired from Peltier or Scully.

On August 15, 1939, Mr. Eugene Stanley, a member of the Louisiana Bar, addressed a letter to Mr. Peltier enclosing a list of the names of the Cheramie heirs [8] who, he said, had employed him "to act as their attorney in the suit, or suits, to be instituted attacking the validity" of the very acts of sale here attacked, and for the very causes alleged in plaintiffs' petition; a prompt reply was sent by Mr. Peltier, following receipt of which Mr. Stanley called on Mr. Peltier at his office. The record reveals

---

5. Mazie Gisclair Eymard, Hicks Cheramie, Duard Pitre, Julie Pitre Pitre, Evena Pitre Eymard, Alcide Hebert, Rita Pitre Adams, Justilia Terrebonne, Roselia Cheramie Danos, Harris Guidry, Eless Guidry, Justilien Terrebonne.

6. Entitled Levi Cheramie, et al. v. Frederick C. Scully, et al., and bearing number 6854 on the Court's Civil Docket, Parish of Lafourche.

7. The suit, entitled Harvey Peltier v. Frederick C. Scully, et al., bears number 7230 on the Civil Docket of the Court, Parish of Lafourche.

8. Eighteen of the plaintiffs here signed contracts of employment with Stanley; Celeste Cheramie Gisclair, Felicia Pitre Cheramie, David Cheramie, Roselie Pitre Kiff, Rita Pitre Adams, Alice Gidry Brunet, Duard Pitre, Julie Pitre Pitre, Evelia Cheramie Vegas, Hicks Cheramie, Mazie Gisclair Eymard, Eless Guidry, Justilia Terrebonne, Harris Guidry, Evena Pitre Eymard, Armantine Pitre Eymard, Celeste Gisclair Kiff, Normandy Kiff Hebert.

that after this conference the matter was pursued no further until the present suit was instituted by another attorney (no longer counsel of record) on May 21, 1951 —more than 17 years after the earlier sales were perfected and recorded, more than 16 years after the partition sale was had, and almost 12 years after the demand had been made on Mr. Peltier by Mr. Stanley.

In bar to the plaintiffs' suit, the defendants filed pleas of prescription of one year, under Article 613 of the Code of Practice, with respect to the implied attack on the judgment ordering the partition of the property in 1934; of two years, under Article 3543 of the LSA–Civil Code, as to sales at public auction made by the sheriff; and pleas of prescription liberandi causa of five and ten years under Articles 3542, 1413 and 2221 of the LSA–Civil Code.

Following trial of these pleas, at which evidence was adduced, the trial judge, in a well-considered opinion, concluded that not only had the plaintiffs known of the alleged fraud and deceit for more than a year before the suit was filed, but some had possessed knowledge of the matters of which they are complaining here as far back as 1934, while the others had known at least as far back as 1939, through family discussions and a letter from Mr. Stanley who, following employment by certain of the heirs of Lawrence Cheramie (as above stated), circularized all of the known claimants with the view of securing contracts of employment from them in the

event they were desirous of joining in the effort to recover the property. He therefore maintained the pleas of prescription and dismissed plaintiffs' suit.

■ An examination of the record discloses that the trial judge's conclusion is supported by an overwhelming preponderance of the evidence. While the plaintiffs, in response to their attorney's question concerning their first knowledge of the sales of record in the courthouse of Lafourche Parish, answered with the stereotyped response: "About five or six months ago," their testimony was refuted by competent documentary evidence and was, moreover, weak, contradictory, unworthy of credence in many instances, and in other ways unimpressive or impeached.

It is apt to observe that the plaintiffs are not seeking to have the Court declare null the various transfers described in the petition; nor are they seeking to set aside the judgment of partition (Suit No. 7230 on the Civil Docket of the Seventeenth Judicial District Court, Parish of Lafourche) on the ground that it was obtained through fraud or by producing forged documents; they simply allege that the sales are null because of the claimed fraud and deceit practiced upon them, or because of forgery, and pray (1) to be recognized owners in indivision of the property and (2) that the sale by the Sheriff on December 29, 1934, be declared null. Hence we do not have for consideration the consequences of the

alleged fact that certain plaintiffs were not made parties to Suit No. 7230, nor the counter argument that those plaintiffs who were parties failed to raise the issues here presented; the sole question is the plea of prescription as applied to this case.

Under the provisions of the LSA–Civil Code, "Engagements made through error, violence, fraud or menace, are not absolutely null, but are voidable by the parties, who have contracted under the influence of such error, fraud, violence or menace, or by the representatives of such parties", Article 1881; and "may be avoided either by exception to suits brought on such contracts, or by an action brought for that purpose." Article 1882. "In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by [a] particular law, that action may be brought within ten years. That time commences * * * in case of error or deception, from the day on which either was discovered * * *." Article 2221. In Fried v. Bradley, 219 La. 59, at page 80, 52 So.2d 247, at page 254, we observed: "Thus it may be seen that the lawmakers in their wisdom have deemed it to the interest of society to interpose a statute of repose by fixing a time limit (10 years), after which the parties at interest, by their silence and inaction, are conclusively presumed to have acquiesced in and ratified the act, and to have renounced such right as they may have had to attack it."

The plaintiffs contend, however, that since Peltier recovered for the plaintiffs, as their attorney, the land they now claim, he could acquire from them only under the prescription of ten years acquirendi causa in good faith, Articles 3478 and 3479 of the LSA–Civil Code; that in the case of bad faith, an action to recover the land is barred only by the prescription of 30 years, Article 3548 of the LSA–Civil Code; and that this case should be remanded to the District Court for trial on the charge of fraud and bad faith. Suffice to say that prescription acquirendi causa is not pertinent to the issue, and the authorities cited are inapplicable.

The plea of prescription of ten years liberandi causa is therefore maintained as to those plaintiffs who admit their respective signature or mark to the instruments which were allegedly procured through fraud or deception.

We are in accord with the plaintiffs' observation in a supplemental brief that Article 2221 applies only in cases in which the nullity or rescission of an *agreement* is sought, and can have no effect in the case of a forged instrument, since forgery is in derogation of public order and good morals, is not susceptible of ratification, and can never be prescribed against. Consequently, as to the plaintiffs Mazie Gisclair Eymard and Celeste Cheramie Gisclair, the pleas of prescription are overruled. Fried v. Bradley, 219 La. 59, 52 So. 2d 247, and numerous authorities therein

cited; Whitney National Bank of New Orleans v. Schwob, 203 La. 175, 13 So.2d 782. The authorities relied on by the defendants (in supplemental brief) to support a contrary view are not apposite, being based on the principle of agency by which the principal may ratify the unauthorized acts of his agent.

Counsel for the defendants now state, however, that this point was not argued in the lower court and that the claim of forgery had apparently been abandoned; that the plaintiffs not only failed to specify any error in this regard in their brief on appeal, as required by the Rules of this Court, but made no mention of it in seeking to have this Court remand the case for trial "of the issues of fraud and bad faith on the part of the purchaser" in procuring sales "in excess of his contract fee of 50% of the interest of claimants herein;" and in any event, to remand the case for trial on the merits as to the claimed forgery would avail the plaintiffs nothing since the evidence already in the record clearly shows that the husband of Mazie Gisclair Eymard signed the instrument as her agent at her request and in her presence, and the credibility of Celeste Cheramie Gisclair was so thoroughly destroyed that any further testimony on her part would be worthless.

■ While we do not question the factual correctness of counsel's statement, we are powerless to adjudicate on the subject because it is a matter that goes to the merits of the case; it can only come up on appeal from an adverse decision by the trial court, which has not yet passed on the subject.

For the reasons assigned the judgment of the lower court is affirmed in all respects except as to the plaintiffs Mazie Gisclair Eymard and Celeste Cheramie Gisclair; as to them the judgment is annulled and set aside, the pleas of prescription are overruled, and the case is remanded for further proceedings not inconsistent with the views herein expressed.