FOURNET, Chief Justice
(dissenting).
This is a suit to have declared null and void, for failure of consideration, an instrument by notarial act executed by plaintiffs on June 3, 1941, wherein they named and appointed as their attorneys in fact the law *403 firm of Tracy & Neuhauser, giving them broad and discretionary powers, and also to have this act, as well as all assignments thereunder, cancelled from the public record. In this- instrument the plaintiffs did "sell, assign, transfer * * * and deliver,” to these attorneys "an undivided One-Half Q/z) Fee Simple Interest in and\ to” certain property located in St. Charles-Parish[1] for the recited consideration “of: the professional services already rendered * * * and * * * to be rendered by said Attorneys-in-fact * * *•” (Emphasis supplied.)
According to the record, the real motive-for the execution of the contract by the plaintiffs was the vindication of the title to the property, and inasmuch as these attorneys appointed by them for that purpose actually failed to carry out the duties under the mandate, the cause for the execution failed (Article 1823 et seq. of the Revised Civil Code),[2] and is therefore subject to the resolutory condition (Article 2035 et seq. of the Revised Civil Code),[3] which is prescribed under the provisions of Article 2221 declaring that “In all cases, in which the action of nullity or of rescission of an agreement, is not limited to a shorter period by (a) particular law, that action may be brought within ten years.”
“Thus it may be seen that the lawmakers in their wisdom have deemed it to the interest of society to interpose a statute of repose by fixing a time limit (10 years), after which the parties at interest, by their silence and inaction, are conclusively presumed to-have acquiesced in and ratified the act, and to have renounced such right as they may have had to attack it.” Fried v. Bradley, 219 La. 59, 52 So.2d 247, 254. See, also, Pitre v. Peltier, 227 La. 478, 79 So.2d 746.
In the Bradley case we also pointed out that “Under the jurisprudence of this State the applicability of these two articles [2221 and 3542] has been restricted to those nullities that are not in derogation of public order and good morals. In considering them this Court has differentiated between nullities of that type and those established in the interest of individuals, and has narrowed the applicability of the articles to the latter class of nullities.” See Article 2031 of the Revised Civil Code.
*405 Since such procurations as are involved-in this case are lawful, they cannot be said to be contra bonus mores, that is, repugnant to good morals, in themselves unless this court were to declare it against public policy to permit an attorney to take advantage of his own failure to perform an obligation to his client. And inasmuch as there has been no pronouncement by this court to that effect, I must respectfully dissent.

. The property thus sold and transferred was an undivided half of the undivided half interest then owned by plaintiffs in the S/2 of Sec. 18, T. 15 S., R. 21 E, Southeastern Land District, containing about 295.36 acres,'more or less.

. Article 1899 provides that if the obligations to be performed are either expressly or impliedly promised to be given at future periods and they fail, then the obligation depending on them will cease also.

.Article 2047 provides that “In all cases the dissolution of a contract may be demanded by suit or by exception * * It is only when the resolutory condition is an event depending on the will of either party that the contract is dissolved- of right.