**STANLEY ROY GREEN, SR.**

**VERSUS**

**DONIELLE PHIPPS-GREEN, ANNETTE JONES, JETTERSON PHIPPS & JUDY PHIPPS**

\* NO. 2025-CA-0006

\*

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-02858, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Paula A. Brown)

Ja'Net L. Davis
ATTORNEY AT LAW
2661 Gravier Street, Suite B
New Orleans, LA 70122

COUNSEL FOR PLAINTIFF/APPELLANT

**AFFIRMED IN PART;
REVERSED IN PART AND REMANDED**

**JUNE 19, 2025**

This is a property dispute.  Appellant, Stanley Roy Green, Sr. ("Mr. Green"), appeals the district court's May 23, 2024 judgment, which denied Appellees', Donielle Phipps-Green, Annette Jones, Jetterson Phipps and Judy Phipps (collectively, the "Defendants"), exception of no right of action and granted an exception of no cause of action based on prescription, dismissing all of Mr. Green's claims against Defendants with prejudice.  For the reasons that follow, we affirm the district court's denial of the exception of no right of action, reverse the district court's judgment sustaining the exception of no cause of action based on prescription and remand the matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2003, Judy Phipps and Jetterson Phipps (together, the "Phipps") executed an act of donation in favor of their daughter, Donielle Phipps-Green ("Ms. Phipps-Green")[1] and her spouse, Mr. Green, for a certain piece of immovable property located at 7008 Pinebrook Drive, New Orleans, LA 70128

---

[1] The caption of this document reflects that the donation was made by Judy Cummings, wife of/and Jetterson Phipps, Sr., while the signature line and signature reflect the name of Judy Cummings Phipps. Similarly, the caption bears the name of Donielle Phipps, while the signature line and signature bear the name of Donielle Phipps-Green.

1

(the "Property").  Several years later, on October 22, 2012, another act of donation (the "2012 act of donation") was executed, this time returning the Property to the Phipps.  The document was recorded into the Orleans Parish conveyance records in November 2012, and ostensibly bore the signatures of all four parties together with the signature and seal of a notary public.  Then, more than ten years afterwards, on March 31, 2023, Mr. Green filed a *Petition to Annul Act of Donation on Grounds of Fraud and Ill Practice* (the "Petition"), alleging that he had never signed the 2012 act of donation and that someone must have forged his signature on that document.[2]   In response, on March 18, 2024, the Defendants filed a *Peremptory Exception of No Right of Action, No Cause of Action and Prescription* (the "Exceptions").  Following, on May 23, 2024, the district court signed a judgment that denied the exception of no right of action, but ordered that the "peremptory exception of no cause of action based on prescription" was granted, with all claims against the Defendants dismissed with prejudice.  This appeal followed.

Because Mr. Green seeks review of only the portion of the judgment granting the peremptory exception of no cause of action based on prescription, we will limit our discussion to those concepts.

## STANDARD OF REVIEW

"This Court reviews a [district] court's ruling on an exception of no cause of action under the *de novo* standard of review."  *Ross v. State through Univ. of Louisiana Sys.*, 22-0652, p. 3 (La. App. 4 Cir. 2/13/23), 358 So.3d 162, 165 (citing *Herman v. Tracage Dev., L.L.C.*, 16-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939).  "The pertinent inquiry is whether, viewed in the light most

---

[2] The factual background related to the intervening years is immaterial to our conclusions in the case *sub judice*, which are based solely on procedural issues.

favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Id.* (quoting *Maw Enters., L.L.C. v. City of Marksville*, 14-0090, p. 6 (La. 9/3/14), 149 So.3d 210, 215).

"The applicable standard of review of a judgment on a peremptory exception of prescription turns on whether evidence was introduced on the exception . . . ." *Mopsik v. Galjour*, 24-0189, p. 9 (La. App. 4 Cir. 9/25/24), 399 So.3d 811, 819 (citing *Barkerding v. Whittaker*, 18-0415, p. 13 (La. App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180). "In those matters where evidence is introduced, the [district] court's findings are reviewed under the manifest error standard of review." *Attamari v. Allstate Prop. & Cas. Ins. Co.*, 24-0128, p. 7 (La. App. 4 Cir. 10/4/24), 400 So.3d 1156, 1162 (citing *Med. Rev. Panel Proc. for Timpton v. Touro Infirmary*, 20-0522, p. 4 (La. App. 4 Cir. 2/10/21), 313 So.3d 1022, 1027). However, when, as here, "no evidence is introduced, then the *de novo* standard of review applies, and the exception is decided based on the petition's allegations, which are accepted as true." *Id.* (citing *Timpton*, 20-0522, p. 4, 313 So.3d at 1027).

## DISCUSSION[3]

In the Petition and in his brief to this Court, Mr. Green asserts that he is entitled to annulment of the 2012 act of donation pursuant to La. C.C.P. art. 2004, which provides, in pertinent part:

> A. A final judgment obtained by fraud or ill practices may be annulled.

---

[3] Mr. Green did not offer any assignments of error in his brief to this Court. However, La. C.C.P. art. 2129 decrees, in part, that "[a]n assignment of errors is not necessary in any appeal." *See Clark v. Dep't of Police*, 12-1274, p. 7 (La. App. 4 Cir. 2/20/13), 155 So.3d 531, 536 (wherein this Court found that the requirement in Uniform Rules, Courts of Appeal, Rule 2–12.4 to assign errors in an appellate brief is unenforceable because "local rules of court cannot conflict with legislation.").

B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

Although the Defendants did not file a brief with this Court, our *de novo* review of the record reflects that in their Exceptions, specifically their argument in support of the exception of no cause of action, the Defendants rely on La. C.C. art. 2041. Found in Title IV of the Louisiana Civil Code on conventional obligations or contracts, La C.C. art. 2041 establishes the prescriptive period[4] for a revocatory action[5]:

> The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.[6]

The right to bring the action referred to in La. C.C. art. 2041 arises from La. C.C. art. 2036, which provides:

> An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

The Defendants argued that because the exception of no cause of action limits a court to examining only allegations contained within the four corners of a petition and because Mr. Green's Petition is prescribed on its face, he failed to state a cause of action that would entitle him to any relief.

---

[4] Prescription—in this case liberative prescription—is defined as "a mode of barring of actions as a result of inaction for a period of time." La. C.C. art. 3447.

[5] Black's Law Dictionary defines a revocatory action as "an action brought by a creditor to annul a contract that has been entered into by the debtor and that will increase the debtor's insolvency. La. Civ. Code art. 2036." *Black's Law Dictionary* (12th ed. 2024) *available at* Westlaw.

[6] "An obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing, or not doing something." La. C.C. art. 1756.

4

We find neither of the codal articles cited by either party are applicable in this case. Further, the Defendants and the district court erred by conflating two separate and distinct legal concepts into one.

First, the codal article cited by Mr. Green, La. C.C.P. art. 2004, provides for the annulment of a *judgment*, whereas the Petition sets forth that he is seeking to annul an act of donation. Accordingly, the application of La. C.C.P. art. 2004 is inapposite to the case *sub judice*. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Moreover, "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." *Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, 22-0620, p. 6 (La. App. 4 Cir. 3/6/23), 358 So.3d 1030, 1035 (quoting *Lepine v. Dep't of Wildlife & Fisheries*, 22-0160, p. 6 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 992; and quoting La. R.S. 1:3).

Similarly, the codal article relied upon by the Defendants is equally inapt. As we previously noted, La. C.C. art. 2041 is codified in Title IV of the Civil Code relating to conventional obligations and contracts. However, Title II of the Civil Code is wholly dedicated to the different facets of donations. "[T]he general rule of statutory construction is that a specific statute controls over a broader, more general statute." *Schindler v. Russ*, 22-0533, p. 13 (La. App. 4 Cir. 8/8/22), 346 So.3d 309, 317 (quoting *Robin v. Creighton-Smith*, 21-0737, p. 5 (La. App. 4 Cir. 5/11/22), 340 So.3d 174, 179 n.9). *See also Clarke v. Brecheen*, 387 So.2d 1297, 1301 (La. App. 1st Cir. 1980) (wherein the court, when trying to determine the nature of a donation and whether the district court erred in applying law pertaining

5

to conventional obligations, explained that "[w]here the Civil Code provides special rules for determining the nature of a particular act, those special rules will supercede other codal rules which are general in nature."). Furthermore, the parties in this case are not in the positions of creditor and debtor as contemplated in La. C.C. art. 2036 such that the prescriptive periods provided in La. C.C. art. 2041 would apply.

Turning to the peremptory exceptions, it is well-settled law that "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." *Ross v. State through Univ. of Louisiana Sys.*, 22-0382, p. 7 (La. App. 4 Cir. 11/18/22), 352 So.3d 90, 94 (quoting *White v. New Orleans Ctr. for the Creative Arts*, 19-0213, p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819); and quoting La. C.C.P. art. 923). Moreover, it is quite clear from even a cursory reading of La. C.C.P. art. 927 that these exceptions, while both peremptory, are nonetheless wholly distinct. Louisiana Code of Civil Procedure article 927 provides, in pertinent part:

> A. The objections that may be raised through the peremptory exception include but are not limited to the following:
>
> (1) Prescription.
> * * *
> (5) No cause of action.

Subparagraph B of the article further differentiates the two by carving out the special rule that "[e]xcept as otherwise provided by Articles 1702(D), 4904(D), and 4921(C), the court shall not supply the objection of prescription, which shall be specially pleaded." La. C.C.P. art. 927(B). In contrast, "the failure to disclose a cause of action . . . may be noticed by either the [district] or appellate court on its

6

own motion." *Id.* Additionally, upon trying the exceptions, La. C.C.P. art. 931 expressly forbids any evidence from being introduced to support or oppose an exception of no cause of action, but allows it for an exception of prescription in certain circumstances.[7] We now separately examine the peremptory exceptions of no cause of action and prescription and how each applies in this case.

*Exception of No Cause of Action*

"A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Id.* (quoting *White*, 19-0213, p. 7, 281 So.3d at 819). "In other words, an exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Id.*

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Id.* (quoting *Green v. Garcia-Victor*, 17-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). "As such, '[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.'" *Id.* (quoting La. C.C.P. art. 931). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the

---

[7] The full text of La. C.C.P. art. 931 provides:

> On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
>
> When the peremptory exception is pleaded in the [district] court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
>
> No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.

petition." *Id.* at pp. 7-8, 352 So.3d at 94 (quoting *Green*, 17-0695, p. 5, 248 So.3d at 453). "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* at p. 8, 352 So.3d at 94-95. "Further, 'any doubt must be resolved in the plaintiffs' favor.'" *Id.* at p. 8, 352 So.3d at 95. "However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action." *Id.* (quoting *Green*, 17-0695, p. 5, 248 So.3d at 453-54).

An appellate court's "*de novo* review 'is limited to reviewing the four corners of the petition to determine whether on its face the petition states a cause of action.'" *Petkovich v. Franklin Homes, Inc.*, 21-0448, p. 28 (La. App. 4 Cir. 9/22/22), 349 So.3d 1042, 1062 (quoting *Ocwen Loan Servicing, LLC v. Porter*, 18-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495). "[A]ll well-pleaded facts in the petition are accepted as true for purposes of determining the issues raised by an exception of no cause of action." *Id.* (alteration in original). "The mover bears the burden of proving that the petition states no cause of action; and *de novo* review does not take into consideration whether the party will be able to prevail on the merits." *Id.*

In the instant matter, Mr. Green alleged in the Petition that he had no knowledge of the 2012 act of donation and that he had not executed that document. He then prayed for an annulment of the 2012 act of donation on the grounds of fraud and ill practice pursuant to La. C.C.P. art. 2004, which, as we discussed earlier in this opinion, was in error. Nevertheless, as this Court has explained, '[i]t is a settled matter of law that Louisiana is a fact-pleading state." *Bergeron v. Bergeron*, 23-0161, p. 3 (La. App. 4 Cir. 11/16/23), 377 So.3d 817, 819.

8

"Louisiana's Code of Civil Procedure establishes a system of fact pleading." *Id.* (quoting *Martin v. Thomas*, 21-01490, p. 6 (La. 6/29/22), 346 So.3d 238, 242). "So long as the facts constituting a cause of action are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the 'theory of the case' doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished." *Id.* (quoting *Martin*, 21-01490, p. 6, 346 So.3d at 242-43). "This allows a plaintiff to recover under whatever legal theory is appropriate based on the facts pleaded." *Id.* (quoting *Martin*, 21-01490, p. 6, 346 So.3d at 243).

Louisiana Civil Code article 1468 categorizes the type of donation at issue here as a donation *inter vivos*, i.e., "a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it." Louisiana Civil Code article 1541 prescribes the form in which the donation must be executed:

> A donation [*inter vivos*] shall be made by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law.

And finally, La. C.C. art. 1833 defines an authentic act. It provides, in pertinent part:

> A. An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. The typed or hand-printed name of each person shall be placed in a legible form immediately beneath the signature of each person signing the act.

Taking the allegations in the Petition as true, Mr. Green alleges that he did not sign the 2012 act of donation, meaning that it was not executed in authentic form, the

9

remedy for which is to declare the donation an absolute nullity. In other words, through his Petition, Mr. Green has stated a valid cause of action.

*Exception of Prescription*

"Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof." *Finley v. St. Christina PFU, L.L.C.*, 23-0365, p. 4 (La. App. 4 Cir. 6/23/23), 368 So.3d 1176, 1179 (quoting *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 9 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800). "When the plaintiff's claim is prescribed on the face of the petition, however, the burden shifts to the plaintiff to establish that his or her claim has not prescribed." *Id.* Notwithstanding, as we noted earlier, the Defendants' reliance on the prescriptive periods found in La C.C. art. 2041 was misplaced.

This Court was faced with a similar situation in *Breston v. DH Catering, LLC*, 23-0460 (La. App. 4 Cir. 2/5/24), 384 So.3d 953. In that case, this Court was tasked with determining whether an innocent third party obtained any rights in immovable property that was originally transferred by means of a forged quitclaim deed. After explaining that the transfer of immovable property was required to be in authentic form—just as an *inter vivos* donation is—we adopted the reasoning that "a forged signature could never qualify as an authentic act or an act under private signature." *Breston*, 23-0460, p. 24, 384 So.3d at 967. We also noted favorably our Supreme Court's pronouncement in *Pitre v. Peltier*, 227 La. 478, 488, 79 So.2d 746, 749 (La. 1955), when it set forth that "forgery is in derogation of public order and good morals, is not susceptible of ratification, and can never be prescribed against." *Breston*, 23-0460, p. 21, 384 So.3d at 966. This view is in keeping with La. C.C. art. 2030, which declares:

A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.

Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

Accordingly, we find that, if the allegations in the Petition are proven, Mr. Green's claim is imprescriptible and the 2012 act of donation would be an absolute nullity.

## DECREE

For the foregoing reasons, we affirm the district court's denial of the exception of no right of action, reverse the district court's judgment sustaining the exception of no cause of action based on prescription and remand the matter for further proceedings consistent with this opinion.

**AFFIRMED IN PART;
REVERSED IN PART AND REMANDED**